UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PAUL ST. JOHN,

        Petitioner,

                                        CASE NO. 08-14524

v.

                                        PAUL D. BORMAN

DEBRA L. SCUTT,                   UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, BUT GRANTING IN PART A CERTIFICATE OF APPEALABILITY

Petitioner Christopher Paul St. John has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges a conviction and sentence of three to fifteen years for accosting a child for immoral purposes. Petitioner alleges that the evidence at trial was insufficient to sustain his conviction, that the prosecutor committed misconduct, that the state courts erred on collateral review of his conviction, and that the statute which he supposedly violated is unconstitutional. The only close issue is Petitioner's challenge to the sufficiency-of-the-evidence. However, because the state court's adjudication of the issue was objectively reasonable, the petition will be denied.

### I. Background

Petitioner was charged in Oceana County, Michigan with accosting a child for

immoral purposes, stalking a minor, and possession of marijuana. The trial court dismissed the stalking charge during trial, and on September 25, 2003, an Oceana County Circuit Court jury found Petitioner guilty of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d). The trial court sentenced Petitioner as a habitual offender to ninety days in jail for possession of marijuana and to a concurrent term of three to fifteen years for accosting a child.

On appeal from his convictions, Petitioner argued that the trial court erred by denying his motion for a directed verdict of acquittal on the accosting charge. The Michigan Court of Appeals disagreed with Petitioner's argument and affirmed his conviction in an unpublished *per curiam* opinion. *See People v. St. John*, No. 252181 (Mich. Ct. App. May 17, 2005) (unpublished). In a subsequent application for leave to appeal in the Michigan Supreme Court, Petitioner raised the same issue and two other claims regarding (1) the sufficiency of the evidence to bind him over to circuit court and (2) the classification of his crime as a sex offense. On December 5, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. St. John*, 474 Mich. 946 (2004) (table).

On or about November 29, 2006, Petitioner filed a motion for relief from judgment in which he argued that the statute charging him with accosting a child is unconstitutional. The trial court denied his motion for lack of merit, and the Michigan Court of Appeals denied leave to appeal on the ground that Petitioner had failed to

establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. St. John*, No. 279744 (Mich. Ct. App. Dec. 27, 2007). On July 29, 2008, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. St. John*, 482 Mich. 892 (2008) (table).

Petitioner filed his habeas corpus petition on October 24, 2008. His claims are:

I.  The MCOA's decision to affirm Mr. St. John's conviction in his appeal as of right, was not only wrong, but was unreasonable in light of *Chapman v. California*, 386 U.S. 18 (1967); *Jackson v. Virginia*, 443 U.S. 307 (1979).

II. The prosecutor in the present case not only destroyed Mr. St. John's credibility during his cross-examination of Mr. St. John, the prosecutor also relied on Mr. St. John's prior convictions and trial testimony in his closing arguments.

III. Judge Thomas' error in reserving a ruling on defense counsel's Directed Verdict Motion was not harmless, let alone "harmless beyond a reasonable doubt." *Chapman.* Despite Mr. St. John's credibility being destroyed, the jury still deliberated for three hours before finding Mr. St. John guilty. The MCOA should have granted Mr. St. John the relief he requested.

IV. Judge Thomas' decision not to give findings of fact and conclusion[s] of law, regarding Mr. St. John's Motion for Relief from Judgment, pursuant to MCR 6.508(E) is not only wrong, but is in conflict with Michigan's own common law jurisprudence. *Carpenter v. Dennison*, 208 Mich. 441 (1919); *People v. Johnson*, 396 Mich. 424 (1976); *In re Hatcher*, 443 Mich. 426 (1993); *People v. Carpentier*, 446 Mich. 19 (1994).

V.  The MCOA and the Michigan Supreme Court's decision to deny Mr. St. John relief in his applications in which he alleged a jurisdictional claim, on the premise that he didn't meet the "cause and prejudice" requirement of MCR 6.508(D), is not only wrong, but unreasonable in light of

>> *Mitchell v. Maurer*, 293 U.S. 237 (1934); *Giaccio v. Pennsylvania*, 382 U.S. 349 (1966); *United States v. Jackson*, 390 U.S. 570 (1968); *Inter State Circuit v. Dallas*, 390 U.S. 676 (1968); *Graynard v. City of Rockford*, 408 U.S. 104 (1972); *New York v. Ferber*, 458 U.S. 747 (1982). Jurisdictional claims are not subjected to the "cause and prejudice" standard of MCR 6.508(d).
>
> VI. Mr. St. John is alleging that he was unconstitutionally convicted under an unconstitutional statu[t]e. Mr. St. John's argument is grounded in both a substantive and procedural due process claim.

Respondent Debra L. Scutt argues in an answer to the habeas petition that the state court's adjudication of Petitioner's first claim regarding the sufficiency of the evidence was not contrary to, or an unreasonable application of, Supreme Court precedent. Respondent contends that claims two through six are unexhausted or procedurally defaulted because Petitioner raised them for the first time in his habeas petition.

## II. Standard of Review

Habeas petitioners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state

court's factual findings are correct." *Goodwin v. Johnson*, __ F.3d __, __, Nos. 06-3571 and 06-3572, 2011 WL 181468, at *5 (6th Cir. Jan. 21, 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

"Under § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 786 (2011). Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id*.

### III.  Discussion

### A.  Sufficiency of the Evidence;
### Denial of the Motion for Directed Verdict

The first and third habeas claims challenge the trial court's denial of Petitioner's motion for a directed verdict of acquittal and the sufficiency of the evidence supporting the jury's verdict on the accosting charge.  Petitioner contends that the trial court erred in reserving a ruling on his motion for a directed verdict until after trial and that the decision of the Michigan Court of Appeals and was not only wrong, but an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979).  The Michigan Court of Appeals concluded on review of these claims that the trial court properly denied Petitioner's motion for a directed verdict of acquittal and that the evidence was sufficient to support Petitioner's conviction.

### 1.  Legal Framework

The trial court violated Michigan Court Rule 6.419(A) by reserving its ruling on Petitioner's motion for a directed verdict until after the jury reached its verdict.  However, the mere violation of state law is not a basis for habeas corpus relief.  A federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ( per curiam )).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Id.* at 67-68.

> The only relevant question is
>
> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319 (internal citation omitted) (emphasis in original).

Courts must apply this standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. In Michigan, the elements of accosting a child for an immoral purpose are

> 1) accosting, enticing or soliciting, 2) a child under 16, 3) with the intent to induce or force the child to commit or submit to an immoral act, an act of sexual intercourse or gross indecency, or any other act of depravity or delinquency, or 4) encouraging a child to engage in any of those acts.

*People v. Middleton*, No. 268265, 2007 WL 1610502, at *6 (Mich. Ct. App. June 5, 2007) (unpublished); *see also People v. Kowalski*, No. 288855, 2010 WL 1687760, *1 (Mich. Ct. App. Apr. 27, 2010) (unpublished opinion explaining that, to be found guilty of accosting a child for immoral purposes, "the prosecutor ha[s] to prove that defendant took actions that amounted to accosting, enticing, soliciting or encouraging a child to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, and that he did so with the intent to induce, force, or encourage the child to commit, engage in, or submit to those acts"), *appeal granted*, __ Mich. __; 790 N.W.2d 822 (Mich. 2010).

## 2. Application

It is undisputed that the complainant in this case was under the age of sixteen when the events in question occurred. Therefore, the issue is whether Petitioner accosted, enticed, or solicited her with the intent to induce or force her to commit, or to submit to, an immoral act, an act of sexual intercourse or gross indecency, or any other depraved or delinquent act or encouraged her to do any of those acts.

The Michigan Court of Appeals summarized the facts as follows:

> The evidence presented to the jury showed that defendant, who had been told by complainant's cousin that complainant was fifteen years old, made telephone calls to schools and complainant's parents' homes in an effort to contact complainant. Several hang-up calls were received at complainant's parents' homes. When defendant finally spoke with complainant, he gave her a false name and falsely represented that they had met recently. When defendant arrived at the appointed meeting place, a gas station, he parked his vehicle around the corner, even though numerous spaces were available at the station. Furthermore, defendant repeatedly solicited complainant to leave the station with him and go somewhere to "party." He also attempted to purchase alcohol prior to speaking with complainant, and his vehicle contained a camera, blankets, Viagra, marijuana, and knives.

*People v. St. John*, 2005 WL 1160641, at *1.

The Michigan Court of Appeals concluded that this evidence supported an inference that Petitioner made contact with the complainant with the intention of persuading her to leave the gas station with him and to entice or force her to engage in such activities as sexual intercourse or smoking marijuana.

Petitioner maintains that there was no evidence of an intent to induce or force the complainant to commit an immoral act or to submit to an act of sexual intercourse, gross indecency, depravity, or delinquency. He notes that he expressed only an intent to

8

"party" or to go to a party with the complainant. Thus, according to Petitioner, the jury's verdict was based on mere conjecture and speculation, as there was no evidence that he accosted the complainant to do anything unlawful.

It is true that the evidence was susceptible to more than one interpretation. The complainant admitted during trial that Petitioner had said nothing to her about having sex with him, smoking marijuana, or drinking alcohol. He also did not suggest doing an act that was grossly indecent, depraved, delinquent, or improper. (Tr. Sept. 24, 2003, at 170-71.) And when she told him at the gas station that she had to go to school the next day and could not join him, he walked away and said, "Then we'll hook up some other time." (*Id*. at 163.)

There was other testimony that the knives in Petitioner's car were collector knives, which were stored in boxes in the trunk of his car. (Tr. Sept. 25, 2003, at 21-22, 49-50.) Petitioner explained the bedding, Viagra, and marijuana in his car by stating that he was essentially living out of his car at the time. He testified that he had his medications with him at the time and that the marijuana was for his own personal use. (*Id*. at 84-85.) He denied having an intent to do anything improper with the complainant. He claimed instead that he just wanted to get to know her and possibly have some type of relationship with her. When he realized at the gas station that she may not have been as old as he had hoped, he left. (*Id*. at 92-93.)

Despite some evidence suggesting that Petitioner did not intend to accost, entice, or solicit the complainant to commit an immoral or delinquent act, the prosecutor was not

9

required to rule out every hypothesis except that of guilt, *United States v. Torres-Ramos*, 536 F.3d 542, 556 (6th Cir. 2008), and the jury was free to reject Petitioner's claim of innocence as incredible or as inconsistent with the other evidence. A reviewing court, moreover, must defer to the fact finder's resolution of conflicting inferences. *Jackson*, 443 U.S. at 326. "When deciding whether any rational trier of fact could have found the essential elements of the crime, this Court does not 'weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.'" *United States v. Utrera*, 259 F. App'x 724, 732 (6th Cir. 2008) (quoting *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)).

Furthermore, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. at 332 n. 5 (Stevens, J., concurring in judgment)). Fairminded jurists could disagree on the issue of whether the state court's decision in this case conflicts with *Jackson*. The state appellate court's adjudication of Petitioner's claim was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. Therefore, Petitioner has no right to habeas corpus relief on the basis of his first and third claims.

### B. The Prosecutor

The second habeas claim alleges that the prosecutor committed misconduct by attacking Petitioner's credibility on cross-examination and by relying on Petitioner's prior convictions and trial testimony in his closing arguments. The Court agrees with Respondent that this claim is procedurally defaulted.

The doctrine of exhaustion of state remedies requires habeas petitioners to raise all their claims in state court before presenting them to a federal court in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Each issue must be presented to the state court of appeals and to the state supreme court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner did not raise his prosecutorial-misconduct claim in either the Michigan Court of Appeals or in the Michigan Supreme Court on direct or collateral review. He no longer has an effective remedy to exhaust because direct review has come to an end and he is not entitled to file another motion for relief from judgment in state court. *See* Mich. Ct. R. 6.502(G)(1) (explaining that "one and only one motion for relief from judgment may be filed with regard to a conviction").[1] The exhaustion requirement is technically satisfied because Petitioner does not have an effective remedy to exhaust. Therefore, his prosecutorial-misconduct claim must be deemed procedurally defaulted. *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3274

---

[1] An exception exists for retroactive changes in the law and claims of new evidence. Mich. Ct. R. 6.508(G)(2). Neither exception applies here. Therefore, Petitioner is not entitled under state law to file a second motion for relief from judgment.

(2010).

To overcome a state procedural default, a habeas petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage carriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not advanced any argument in support of a finding of "cause and prejudice." The Court therefore deems the argument abandoned. *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003) (citing *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000)).

The "cause and prejudice" requirement may be overlooked "[i]f a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust v. Zent*, 17 F.3d 155, 162 (6th Cir. 1994) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not presented the Court with any new evidence supporting a claim of actual innocence. Therefore, a miscarriage of justice will not occur if the Court does not adjudicate his claim on the merits. His prosecutorial-misconduct claim is procedurally defaulted.

### C. Alleged procedural irregularities on state collateral review

The fourth and fifth habeas claims challenge the state courts' treatment of

12

Petitioner's motion for relief from judgment and subsequent appeal. In his fourth claim, Petitioner alleges that the trial court erred by not providing any findings of fact and conclusions of law when it adjudicated his motion for relief from judgment. Petitioner maintains that the trial court's omissions violated Michigan Court Rule 6.508(E) and Michigan's common law jurisprudence.

The fifth claim alleges that the state appellate courts erred when they denied leave to appeal the trial court's decision on the basis that he did not meet the "cause and prejudice" requirement of Michigan Court Rule 6.508(D).[2] Petitioner asserts that jurisdictional claims are not subject to the "cause and prejudice" standard of Rule 6.508(D).

These claims lack merit because they allege violations of state law. "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Habeas relief also may not be granted "for alleged deficiencies in a state's post-conviction procedures because such claims relate to a state civil matter, not to the custody of a defendant." *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). Petitioner's fourth and fifth claims, therefore, are not cognizable claims on habeas review

---

[2] A state court ordinarily may not grant relief from judgment if the movant "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence." Mich. Ct. R. 6.508(D)(3). An exception exists if "the defendant demonstrates (a) good cause for failure to raise such grounds on appeal . . . and (b) actual prejudice from the alleged irregularities that support the claim for relief." *Id.*

and do not entitle Petitioner to the writ of habeas corpus.

### D. Constitutionality of the Statute

Petitioner's sixth and final claim alleges that the accosting statute which he was charged with violating is unconstitutionally vague and overbroad. Petitioner further alleges that the statute shifts the burden of proof to the defendant to prove that he is innocent.

Petitioner raised this claim in his motion for relief from judgment, which the trial court denied "for the reason that it lacks merit for further review." *People v. St. John*, No. 03-003684-FH-T (Oceana County Cir. Ct. Dec. 12, 2006). The State's appellate courts denied leave to appeal the trial court's decision on the ground that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D).

#### 1. Vagueness

The statute in question provides:

> A person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both.

Mich. Comp. Laws § 750.145a.

Petitioner contends that the statute is vague because a person of ordinary intelligence could not understand what is prohibited. The Supreme Court has explained that the,

> [v]agueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment. A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.

*United States v. Williams*, 553 U.S. 285, 304 (2008) (citing *Hill v. Colorado*, 530 U.S. 703, 732 (2000), and *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)).

> What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. Thus, [the Supreme Court has] struck down statutes that tied criminal culpability to whether the defendant's conduct was 'annoying' or 'indecent'-wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings.

*Id.* at 306.

The statute under attack here is not indeterminate. It prohibits accosting, enticing, or soliciting a person under sixteen years of age to submit to an act of sexual intercourse or an act of gross indecency or to any other depraved or delinquent act. The statute also prohibits encouraging a child under sixteen years of age to do any of these things.

The terms "accost," "entice," and "solicit" when used with the phrases "sexual intercourse" and "gross indecency" or the words "depravity" and "delinquency" suggest that the prohibited conduct is sexual in nature. The words are sufficiently definite and do

15

not require a reasonable person of ordinary intelligence to speculate about their meaning. A person of ordinary intelligence would know that a sexual act is prohibited with a child less than sixteen years of age. *People v. Moore*, No. 267663, 2007 WL 1160004, at *5 (Mich. Ct. App. Apr. 19, 2007). Therefore, the statute is not unconstitutionally vague.

### 2. Overbreadth

Petitioner contends that the statute is overbroad because it criminalizes innocuous speech. A statute is overbroad and "facially invalid if it prohibits a substantial amount of protected speech." *Williams*, 553 U.S. at 292.

The Michigan Court of Appeals stated in *People v. Middleton*, 2007 WL 1610502, that:

> [t]he statute is narrowly drawn so that it includes only communications made in furtherance of a criminal purpose or conduct. Section 145a targets conduct, as opposed to pure speech, and it does not penalize the act of speaking words.

*Id.*, at *4.

Because the statute does not punish innocent speech, this Court agrees that "[t]he statute does not impinge on First Amendment freedoms and is not unconstitutionally overbroad." *Id.* "The 'mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Williams*, 553 U.S. at 303 (quoting *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984)).

The accosting statute is neither unconstitutionally vague, nor unconstitutionally

overbroad. Furthermore, Petitioner has not demonstrated how the statute shifts the burden of proof to the defendant. Therefore, he is not entitled to the writ of habeas corpus on the basis of his constitutional challenge to the accosting statute.

### IV. Conclusion

The state courts' adjudications of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **GRANTED** in Part and **DENIED** in part. Reasonable jurists could find the Court's assessment of Petitioner's first and third claims debatable or wrong, or they could conclude that those claims deserve encouragement to proceed further. Therefore, a certificate of appealability may issue on Petitioner's first and third claims regarding the sufficiency of the evidence and the trial court's denial of Petitioner's motion for a directed verdict of acquittal on the accosting charge. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court **DECLINES** to issue a certificate of appealability on claims two, four, five, and six because reasonable jurists would not find the Court's assessment of those claims debatable or wrong.

Petitioner may proceed *in forma pauperis* on appeal without further authorization from this Court because he was granted leave to proceed *in forma pauperis* in the District

Court. Fed. R. App. P. 24(a)(3).

    SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: March 21, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and U.S. Mail on Christopher St John 186536, OAKS CORRECTIONAL FACILITY, 1500 CABERFAE HIGHWAY, MANISTEE, MI 49660, on March 21, 2011.

                                            s/Denise Goodine
                                            Case Manager