UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRISTOPHER PAUL ST. JOHN,

        Petitioner,

                                CASE NO. 08-14524

v.

                                PAUL D. BORMAN
DEBRA L. SCUTT,                UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR REHEARING

      In 2008, petitioner Christopher Paul St. John filed a *pro se* habeas corpus petition seeking relief from his state conviction for accosting a child for immoral purposes. The first and third habeas claims challenged the sufficiency of the evidence and the trial court's denial of Petitioner's motion for a directed verdict of acquittal. The second claim alleged prosecutorial misconduct, and the fourth and fifth claims challenged the state courts' treatment of Petitioner's motion for relief from judgment and his subsequent appeal. The sixth and final claim alleged that the accosting statute, which Petitioner was charged with violating, was unconstitutionally vague and overbroad. On March 21, 2011, the Court denied the habeas petition, but granted a certificate of appealability on Petitioner's first and third claims regarding the sufficiency of the evidence and the trial court's denial of Petitioner's motion for a directed verdict of acquittal on the accosting charge.

      Pending before the Court is Petitioner's motion for reconsideration. The Court understands the motion to seek a certificate of appealability on Petitioner's sixth claim regarding

the constitutionality of the statute under which Petitioner was convicted.  The statute reads:

> A person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both.

Mich. Comp. Laws § 750.145a.

The Court stated in its dispositive opinion and order that the language in the statute was definite and not unconstitutionally vague.  The Court opined that a person of ordinary intelligence would not speculate about the meaning of the words and would know that a sexual act with a person less than sixteen years of age was prohibited.

The Court may grant a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds, upon further review of the issue, that reasonable jurists could debate the Court's assessment of Petitioner's challenge to the constitutionality of the accosting statute.  At a minimum, reasonable jurists could conclude that the issue warrants encouragement to proceed further.  Accordingly, Petitioner's motion for reconsideration [Dkt. #23] is **GRANTED** to the

extent that Petitioner seeks a certificate of appealability on one additional issue. A certificate of appealability may issue on habeas claim six, which alleges that the accosting statute is unconstitutionally vague and overbroad. The motion is denied in all other respects.

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: June 2, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means and upon:

**Christopher St John**
186536
OAKS CORRECTIONAL FACILITY
1500 CABERFAE HIGHWAY
MANISTEE, MI 49660

by U.S. Mail on June 2, 2011.

                                                  s/Denise Goodine
                                                  Case Manager