UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PAUL ST. JOHN,

        Petitioner,

                                  CASE NO. 2:08-cv-14524

v.

                                  PAUL D. BORMAN

DEBRA L. SCUTT,                   UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

**ORDER**
**(1) DENYING PETITIONER'S MOTION**
**FOR A CERTIFICATE OF APPEALABILITY,**

**(2) DENYING PETITIONER'S MOTION**
**FOR APPOINTMENT OF COUNSEL**

**(3) GRANTING PETITIONER'S MOTION**
**FOR AN EXTENSION OF TIME, AND**

**(4) GRANTING PETITIONER'S APPLICATION**
**TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Christopher Paul St. John has appealed the Court's Opinion and Order denying his habeas corpus petition. Pending before the Court are Petitioner's motions for a certificate of appealability, for an extension of time to file an appeal, and for appointment of an appellate attorney. Petitioner also has applied for leave to proceed *in forma pauperis* on appeal.

## I. Background

In 2003, Petitioner was convicted of accosting a child for immoral purposes and sentenced to three to fifteen years in prison. In 2008, Petitioner filed a *pro se* habeas corpus petition in which he alleged that (1) the state appellate court's decision to affirm his conviction was unreasonable, (2) the prosecutor's closing arguments and cross-examination of him were improper, (3) the trial court erroneously reserved a ruling on his motion for a directed verdict of acquittal, (4) the trial court erred in failing to issue findings of fact and conclusions of law in its decision on Petitioner's motion for relief from judgment, (5) the state appellate courts' decisions to deny relief under Michigan Court Rule 6.508(D) were wrong, and (6) he was convicted under an unconstitutional statute. On March 21, 2011, the Court issued an Opinion and Order denying the habeas petition, but Court granting a certificate of appealability on habeas claims one and three regarding the sufficiency of the evidence and the denial of Petitioner's motion for a directed verdict of acquittal.

On April 4, 2011, Petitioner moved for a rehearing. The motion sought a certificate of appealability on Petitioner's sixth habeas claim regarding the constitutionality of the accosting statute. On June 2, 2011, the Court granted Petitioner's motion for rehearing and certified habeas claim six for appeal.

On July 1, 2011, Petitioner filed the pending motion to extend the time to file an appeal, and on July 8, 2011, Petitioner filed a notice of appeal. Petitioner subsequently

filed his application for leave to appeal *in forma pauperis* and his motions for a certificate of appealability and appointment of counsel.

## II. Discussion

In his motion for a certificate of appealability, Petitioner seeks to have the Court certify habeas claim five, which alleges that the State's appellate courts erred on state collateral review when they concluded that Petitioner did not meet the "cause and prejudice" requirement of Michigan Court Rule 6.508(D). "[R]elief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedures because such claims relate to a state civil matter, not to the custody of a defendant." *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). Consequently, Petitioner's fifth claim is not cognizable on habeas review and does not "deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner's motion for a certificate of appealability [dkt. #33], therefore, is **DENIED**.

Petitioner's motion for appointment of counsel [dkt. #31] is **DENIED** because a district court lacks jurisdiction to address a motion for appointment of counsel after a notice of appeal is filed. *Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006) (citing *Wis. Mut. Ins. Co. v. United States*, 441 F.3 502, 504 (7th Cir. 2006) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, because the appeal is taken in good faith, the application to proceed *in forma pauperis* on appeal [dkt.

#27] is **GRANTED**.

Petitioner's motion for an extension of time seeks to extend the appeal period for thirty days. The period for filing a notice of appeal began on June 2, 2011, when the Court issued its decision on Petitioner's motion for reconsideration. *Rogers v. Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (quoting *Shelton v. Taylor*, 92 F. App'x 178, 180 (6th Cir. 2004) (quoting *United States v. Ibarra*, 502 U.S. 1, 7 (1991)). Petitioner filed his motion for extension of time less than thirty days later on July 1, 2011, and he has shown "good cause" for not filing his notice of appeal within thirty days of the Court's order on his motion for rehearing. Fed. R. App. P. 4(a)(5)(A). He alleges that, due to his poor health, he has limited access to legal resources and help from other people. The Court therefore **GRANTS** Petitioner's motion for an extension of time to appeal [dkt. #25]. The notice of appeal filed on July 8, 2011, is deemed timely.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-7-11

4